**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT J. REPETTO,
      Appellant,

      v.

DEPARTMENT OF
    TRANSPORTATION,
      Agency.

DOCKET NUMBER
PH-0752-14-0458-I-1

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert J. Repetto, Sewell, New Jersey, pro se.

Christian Lewerenz, Esquire, Jamaica, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his enforced leave between January 6, and 10, 2014, for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　The appellant currently serves as an Air Traffic Control Specialist with the Federal Aviation Administration assigned to the Wilmington, Delaware Air Traffic Control Tower. Initial Appeal File (IAF), Tab 3, Subtab 4f. By way of letter dated January 2, 2014, the agency informed the appellant not to report to duty during the week of January 6-10, 2014, because of a lack of available tasks for him to perform. IAF, Tab 3, Subtab 4d. On January 10, 2014, the agency issued the appellant a notice of proposed enforced leave based on the continued unavailability of work for him to perform either within his facility or within the local commuting area, and the agency issued a letter of decision subsequently imposing the enforced leave period effective February 10, 2014. *See* MSPB Docket No. PH-0752-14-0759-I-1, Initial Appeal File (0759 IAF), Tab 1 at 7-12, 13-17.[2]

¶3　　　The appellant filed separate Board appeals challenging both periods of enforced leave. The administrative judge joined the appeals and issued an initial

---

[2] The agency placed the appellant in a paid, nonduty pay status prior to the imposition of the second enforced leave period. 0759 IAF, Tab 1 at 9.

decision dismissing the appeal of the first period of enforced leave for lack of jurisdiction and sustaining the merits of the second period of enforced leave. IAF, Tab 13, Initial Decision (ID) at 6, 11. The appellant has filed a petition for review primarily challenging the administrative judge's decision to sustain the second period of enforced leave effective February 10, 2014. *See* Petition for Review (PFR) File, Tab 1. Although the administrative judge joined the appeals prior to adjudication under 5 C.F.R. § 1201.36, we are SEVERING the processing of these appeals on review; the instant Order thus only addresses the period of enforced leave between January 6, and 10, 2014.[3]

¶4 An employee's absence for more than 14 days that results in a loss of pay may be a constructive suspension appealable under 5 U.S.C. §§ 7512(2) and 7513(d). *Zygas v. U.S. Postal Service*, 116 M.S.P.R. 397, ¶ 16 (2011). The Board, however, lacks jurisdiction over suspensions of less than 14 days. *See, e.g.*, *Engler v. Department of the Army*, 121 M.S.P.R. 547, ¶¶ 6-7 (2014). Here, there is no dispute that the appellant was required to use his leave between January 6, and 10, 2014. *See* IAF, Tab 3, Subtab 4a at 39, Subtab 4d. This 5-day period of enforced leave, however, falls below the 14-day threshold needed to establish the Board's jurisdiction over an enforced leave action. *See Engler*, 121 M.S.P.R. 547, ¶ 6; 5 U.S.C. § 7512(2). We therefore AFFIRM the administrative judge's jurisdictional dismissal of the appellant's appeal of his enforced leave between January 6, and 10, 2014.[4]

---

[3] The second period of enforced leave effective February 10, 2014, is addressed in MSPB Docket No. PH-0752-14-0759-I-1.

[4] In his initial appeal, the appellant also suggested that he was subjected to a prohibited personnel practice. *See* IAF, Tab 1. Absent circumstances which are not present here, an allegation of a prohibited personnel practice cannot independently establish the Board's jurisdiction. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.